1  Ian A. Stewart (State Bar No. 250689)
   Ian.Stewart@wilsonelser.com
2  **WILSON, ELSER, MOSKOWITZ,**
3     **EDELMAN & DICKER LLP**
   555 South Flower Street, Suite 2900
4  Los Angeles, California 90071-2407
5  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101
6
7  **Attorneys for Plaintiff,**
   AMY KOENIG DBA TEAM SELF-ESTEEM
8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY KOENIG DBA TEAM SELF-ESTEEM<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE PULLIAM, an Individual, and TEAM SELF-ESTEEM CHEERLEADING LLC, a California Corpration,<br><br>Defendants. | Case No.: CV14-00117 FMO RNB<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Stipulated Protective Order:

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. This Protective Order is specific to the facts and circumstances of this litigation and the provisions of this Protective Order shall not be applied against any party in

1  any other litigation for purposes of arguing the appropriateness of the provisions
2  of this Protective Order to any other litigation.
3       In support of this Order, the Court finds that:
4  1.  Materials, documents, and information containing confidential and/or
5      personal employee data or information, proprietary technical, sales,
6      marketing, financial, client/customer data, or other business information,
7      and other sensitive information, including private data or information of
8      third parties including minors, and/or trade secrets ("Proprietary or Private
9      Information") that bear significantly on the parties' claims or defenses are
10     likely to be disclosed or produced during the course of discovery in this
11     litigation.
12 2.  It is expected that the parties and/or third parties may assert that public
13     dissemination and disclosure of Proprietary Information could severely
14     injure or damage the party disclosing or producing the Proprietary
15     Information and could place th
16 3.  t party at a competitive disadvantage or invade third parties' respective right
17     of privacy. To protect the respective interests of the parties and third-
18     parties, and to facilitate the progress of disclosure and discovery in this
19     case, the following Protective Order should issue:
20 IT IS THEREFORE ORDERED THAT:
21 1.  A party producing discovery materials may designate as
22     "CONFIDENTIAL" any information that it in good faith believes embodies
23     Proprietary or Private Information. Additionally, the party producing
24     discovery materials may designate as "HIGHLY CONFIDENTIAL –
25     OUTSIDE ATTORNEYS' EYES ONLY" any information that it in good
26     faith believes embodies a trade secret or is information that gives one party
27     a competitive advantage in the marketplace over the other or could
28     otherwise significantly prejudice the business of the producing party if

|   |   |   |
|---|---|---|
| 1 |  | revealed to another party, including but not limited to confidential technical, product, sales and financial documentation.  Information, materials, discovery responses, and/or transcripts designated by a producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" are referred to herein as "Protected Materials." |
| 7 | 2. | All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any Protected Materials shall also be considered Protected Materials and treated as such under this Protective Order. |
| 10 | 3. | The protections conferred by this Protective Order do not cover materials or information lawfully in the public domain. |
| 12 | 4. | Documents that have been produced prior to the entry of this Protective Order that are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY," if any, shall be considered Protected Materials under this Protective Order. |
| 16 | 5. | This Protective Order shall apply to a non-party who produces Protected Materials in the case to the same extent as it does to the parties.  In such a case, the non-party who produces Protected Materials in this litigation is considered to be a producing party and is protected under this Protective Order as though a signatory to it.  Such non-party may use the procedures set forth in this Protective Order to designate its Protected Materials. |
| 22 | 6. | In the event that a party is required, by a valid discovery request, to produce a non-party's Proprietary Information in the party's possession, and the party is subject to an agreement with the non-party not to disclose the non-party's confidential information, then the party shall (1) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party; (2) promptly provide the non-party with a copy of this Protective |

       Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the non-party. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Proprietary Information.

7. The designation of Protected Materials shall be made by placing the following notation on the Protected Materials:

    a. "CONFIDENTIAL;" or

    b. "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY."

The above designations shall be affixed on the Protected Materials in the following manner:

    a. For documents (including, but not limited to, affidavits, declarations, written discovery responses, pleadings, and deposition testimony) the designation shall appear on each page of such document; or

    b. For tangible items, on the object or container thereof, or, if not practicable, as otherwise agreed by the parties in writing.

8. A party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY."

9. No court reporter, videographer, or transcriber who reports or transcribes testimony in this action shall disclose Protected Materials to anyone, except pursuant to this Protective Order. Counsel for a producing party may designate a deposition transcript, in whole or in part, under this Protective

1. Order by stating on the record that it shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY." If counsel for a producing party does not designate a deposition transcript under this Protective Order during the deposition, the deposition transcript shall nevertheless be treated as "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" for 30 days following receipt of the transcript, during which time the producing party may elect to designate all or part of the deposition transcript under this Protective Order.

10. Except as provided for below, Protected Materials and any information contained therein shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this Protective Order for purposes of the prosecution and defense of the above captioned litigation only, shall not be used for any business purpose or other purpose whatsoever, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such information as herein provided. All produced Protected Materials and any information contained therein shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. The party or parties receiving Protected Materials shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information contained therein. The party or parties receiving Protected Materials shall also take sufficient security measures to ensure the Protected Materials are secure and protected from inadvertent disclosure to unauthorized persons. Notwithstanding any other provisions of this Protective Order, however, nothing herein shall prohibit counsel or a party from disclosing a document containing information designated CONFIDENTIAL, or HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY to any

1      person who by indication within the document drafted, prepared, executed,
2      or received the document.
3    11.   Protected Materials designated "CONFIDENTIAL" and any information
4      contained therein shall be disclosed by the party or parties receiving
5      Protected Materials designated "CONFIDENTIAL" only to the following
6      persons ("Qualified Persons"):
7        a. Members and employees of outside counsel of record in this
8          action whose duties and responsibilities require access to such
9          materials;
10       b. In-house counsel for each party, and employees actually
11         supporting such in-house counsel in the administration of this
12         case, provided that such in-house counsel and employee(s)
13         sign the Agreement attached hereto as Exhibit A;
14       c. Up to three corporate representatives of a party who are
15         actively engaged in assisting outside counsel of record with
16         respect to this litigation, provided, however, that such
17         corporate representative(s) shall be identified in writing to
18         the opposing party prior to any disclosure of Protected
19         Materials and the disclosure to any such person pursuant to
20         this subpart is only after the person signs the Agreement
21         attached hereto as Exhibit A;
22       d. Outside experts and consultants (collectively, referred to herein
23         as "Experts") who are engaged or potentially engaged for the
24         purposes of this action by a party and their support personnel,
25         but only after signing the Agreement attached hereto as
26         Exhibit A. For purposes of this Protective Order, an Expert
27         shall be defined as a person who is neither an employee or
28         consultant of a party nor anticipated to become an employee or

STIPULATED PROTECTIVE ORDER
2104840v.1

consultant in the near future, and who is retained or employed as a bona fide expert, consultant or investigator for purposes of this litigation by or at the direction of counsel for a party;

e. Deposition witnesses during the course of a deposition, so long as at least that portion of the deposition transcript itself is designated with the same confidentiality designation as the materials and so long as such witness drafted, prepared, executed, or received the document before the deposition, or was employed by or acting on behalf of the producing party and each witness signs the Agreement attached hereto as Exhibit A;

f. Court reporters and videographers taking testimony involving Protected Materials and their support personnel;

g. Outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., jury consultants and research personnel, graphic designers and animators), who are contractually bound not to disclose such documents and information by the parties retaining them;

h. Any person to whom the producing party agrees in writing to provide a copy;

i. The Court, jury, and Court personnel; and

j. Any other person who is designated as a Qualified Person by order of the Court or by written agreement of the parties.

12. Protected Materials designated "HIGHLY CONFIDENTIAL — OUTSIDE ATTORNEYS' EYES ONLY" shall only be made available to members and employees of outside counsel identified in Paragraph 11.a, outside experts and consultants identified in Paragraph 11.d but only after signing

|   |   |
|---|---|
| 1 | the Agreement attached hereto as Exhibit A, and persons identified in |
| 2 | Paragraphs 11.f-j.  Materials designated "HIGHLY CONFIDENTIAL – |
| 3 | OUTSIDE ATTORNEYS' EYES ONLY" shall not be made available to |
| 4 | persons identified in Paragraphs 11.b, 11.c, or 11.e without the written |
| 5 | consent of the producing party.  To the extent that disclosure of Protected |
| 6 | Materials designated "HIGHLY CONFIDENTIAL — OUTSIDE |
| 7 | ATTORNEYS' EYES ONLY" to key principals of a receiving party is |
| 8 | needed for the purpose of facilitating settlement discussions – including, for |
| 9 | example, the disclosure of documents relating to sales revenue, litigation |
| 10 | settlements, or licensing – prior to any disclosure, the parties shall meet and |
| 11 | confer to discuss the conditions of such a disclosure and the producing |
| 12 | party shall not unreasonably withhold written consent, so long as adequate |
| 13 | protections are agreed to by the parties to ensure no disclosure to third |
| 14 | parties. |

13. At any time after the delivery of Protected Materials, counsel for the party receiving the Protected Materials may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Materials (the "Designating Party").  The parties shall then attempt to resolve such dispute in good faith on an informal basis.  If the parties are unable to resolve their dispute informally, then the party challenging the designation (the "Challenging Party") may request appropriate relief from the Court in accordance with the Federal Rules of Civil Procedure and Local Rules, including strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation Requirement), and this Court's prior Orders.  In connection with any such request for relief, the Challenging Party must identify with particularity the specific document(s) or information that the Challenging Party believes was improperly designated and state with particularity and detail the factual and

1 legal grounds on which the Challenging Party disagrees with the
2 designation. The restricted status of such information will remain unless
3 and until the Court rules and determines that such information is not
4 entitled to its designated status. It shall be the burden of the Challenging
5 Party to make out a prima facie case that the contested document or
6 information is not entitled to the level of confidentiality selected by the
7 Designating Party. In response to such a prima facie case, the Designating
8 Party bears the burden of proof to show by a preponderance of the evidence
9 that there is good cause for the document to have the protection claimed by
10 the Designating Party.
11 14. A party does not waive its right to challenge a confidentiality designation
12 by electing not to mount a challenge promptly after the original designation
13 is disclosed.
14 15. In accordance with Local Rule 79-5, if any papers to be filed with the
15 Court contain information and/or documents that have been designated as
16 "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only,"
17 the proposed filing shall be accompanied by an application to file the papers
18 or the portion thereof containing the designated information or documents
19 (if such portion is segregable) under seal; and the application shall be
20 directed to the judge to whom the papers are directed. For motions, the
21 parties shall publicly file a redacted version of the motion and supporting
22 papers.
23 16. To the extent that Protected Materials or information contained therein are
24 used in depositions, such documents or information shall remain subject to
25 the provisions of this Protective Order, along with the transcript pages of
26 the deposition testimony referring to the Protected Materials or information
27 contained therein.
28

17. Inadvertent and/or unintentional failure to designate qualified information or items as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Promptly upon learning of such inadvertent or unintentional failure to designate, the producing party shall notify the receiving party(ies) of the proper designation in writing, at which time the receiving party shall treat all such information in accordance with any revised designations.

18. Nothing in this Protective Order shall be construed as a waiver of the attorney-client privilege, the attorney work-product immunity, or any other applicable form of privilege or immunity, and nothing in this Protective Order requires disclosure of such material.

19. If a party learns that, by inadvertence or otherwise, it has disclosed Protected Materials other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall notify the Designating Party in writing and immediately make every effort to further prevent unauthorized disclosure including retrieving all copies of the Protected Materials from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Materials in any form. Compliance with the foregoing shall not prevent the Designating Party from seeking further relief from the Court.

20. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that party must: (1) promptly notify in writing the Designating Party and include a copy of the subpoena or court order; (2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the

material covered by the subpoena or order is subject to this Protective Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. However, nothing contained in this Protective Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

21. Within forty-five (45) calendar days of final termination of this action by dismissal, judgment, or settlement, including any appeals, counsel for the party or parties receiving Protected Materials shall, at the disclosing party's written request, return the Protected Materials to the counsel for the party or parties disclosing or producing the Protected Materials or certify that counsel and its client(s) have destroyed the Protected Materials. Counsel of record may retain a copy of any pleading, transcript (e.g. deposition, hearing, or trial), or exhibit thereto filed with the Court or served on opposing counsel regardless of its confidentiality. The party or parties receiving the Protected Materials shall be entitled to keep their attorney work product which refers or relates to any Protected Materials. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Materials or any information contained therein.

22. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court shall have continuing jurisdiction over the parties and recipients of the Protected Materials for enforcement of the provisions of this Protective Order following termination of this litigation.

23. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

24. This Protective Order shall not prevent the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional relief by ways of protective orders or otherwise, or from agreeing between themselves, subject to approval of the Court, to modification of this Protective Order.

25. Notwithstanding any other provision herein, nothing in this Order shall prevent any party from complying with any applicable governmental law, rule, or regulation.

SO ORDERED this the 8th day of September, 2014.

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRTE JUDGE